UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:24-cr-198-WWB-SJH
   18 U.S.C. § 1349

MCKENZIE PHILLIP STORM SCOTT

## INFORMATION

The United States Attorney charges:

### COUNT ONE
**(Conspiracy to Commit Bank Fraud)**

At times material to this Information:

1. VyStar Credit Union, Navy Federal Credit Union, JPMorgan Chase Bank, TD Bank, and Truist Bank (collectively, the "Bank Victims") were financial institutions, the accounts and deposits of which were insured by the Federal Deposit Insurance Corporation.

### The Conspiracy

2. From an unknown date, but from at least on or about April 12, 2022, through on or about October 23, 2023, in the Middle District of Florida and elsewhere, the defendant,

**MCKENZIE PHILLIP STORM SCOTT,**

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the United States, to execute and attempt to execute a scheme and artifice to defraud financial institutions, that is, the Bank Victims, and to obtain money, funds, credits and property under the custody and control of the Bank Victims, by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

## Manner and Means of the Conspiracy

3. The manner and means by which the conspirators carried out the conspiracy and scheme and artifice to defraud included, among others, the following:

    a. It was part of the conspiracy that the conspirators, known and unknown to the United States, would and did steal United States mail containing checks sent by individual or corporate victims made out to certain payees.

    b. It was further a part of the conspiracy that the conspirators, known and unknown to the United States, would and did use computers, check production software, printers, and blank check stock during the course of the conspiracy to alter the stolen checks and produce counterfeit checks made out to different payees.

c.  It was further a part of the conspiracy that SCOTT and other conspirators, known and unknown to the United States, would and did obtain the counterfeit and altered checks, and deposit them into bank accounts at the Victim Banks held in the names of conspirators and other complicit individuals.

d.  It was further part of the conspiracy that SCOTT and other conspirators, known and unknown to the United States, shortly after depositing counterfeit and altered checks would and did withdraw and attempt to withdraw from the accounts at the Victim Banks whatever portion of the funds was made available before the counterfeit nature of the deposited check was identified by the receiving institution.

e.  It was further part of the conspiracy that SCOTT and other conspirators, known and unknown to the United States, recruited complicit individuals via social media and other means to provide him and other conspirators, known and unknown to the United States, with access to their bank accounts so that they could deposit the counterfeit and altered checks.

f.  It was further part of the conspiracy that SCOTT and other conspirators, known and unknown to the United States, would and did perform acts and make statements to hide and conceal, and cause to be hidden

and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1349.

## FORFEITURE

1.  The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A).

2.  Upon conviction of a conspiracy of the violation of 18 U.S.C. 1344, in violation of 18 U.S.C. § 1349, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

3.  The property to be forfeited includes, but is not limited to, an order of forfeiture for at least $21,097.49, which represents the proceeds the defendant obtained from the offense.

4.  If any of the property described above, as a result of any act or omission of the defendants:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

         ROGER B. HANDBERG
         United States Attorney

By: _____
   David B. Mesrobian
   Assistant United States Attorney

By: _____
   Frank M. Talbot
   Assistant United States Attorney
   Chief, Jacksonville Division